UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CALVIN STEPPE                                                                           MOVANT/DEFENDANT

v.                                                                       CRIMINAL ACTION NO. 4:06CR-12-M

UNITED STATES OF AMERICA                                                  RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION

Movant Calvin Steppe filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 86). On preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court concluded that the motion was untimely but, nevertheless, provided Movant the opportunity to show cause why the action should not be dismissed (DN 88). Upon review of Movant's response (DN 89), the Court will dismiss this action as untimely.

**I.**

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

On June 21, 2006, Movant pleaded guilty to Count 1 of the Indictment, and the sentencing hearing was held on April 27, 2007. Movant's Judgment and Commitment Order was entered May 2, 2007 (DN 61). No appeal was filed. Under § 2255(f)(1), the one-year limitations period, therefore, began running on May 16, 2007,[1] and expired one year later on May 16, 2008.[2] Because Movant did not file his § 2255 motion until July 22, 2010,[3] the motion is time barred.

Movant also alleges new evidence and presumably relies on § 2255(f)(4). He alleges that Officer Brian McKinney, who prepared the affidavit in support of the search warrant used to search his apartment, has been sentenced in federal court and, therefore, that McKinney's conviction supports Movant's "accusations of him being corrupt and not being truthful on [the] affidavit." Movant does not indicate when he discovered this new evidence, but the record reflects that he filed a motion for appointment of counsel on May 18, 2009 (DN 79), based on "new evidence." He stated, "There was an officer Mr. Brian McKinney that I had claimed all along that he lied on my probable cause affidavit, more than once." It, therefore, appears that he

---

[1] At the time Movant was sentenced, the appeal period was 10 days, *see* Fed. R. App. P. 4(b) (eff. Dec. 1, 2005), and the intermediate weekends and legal holidays were not counted in the computation. *See* Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2002). Effective December 1, 2009, the appeal period is now 14 days. *See* Fed. R. App. P. 4(b)(1)(A).

[2] Following expiration of the limitations period, the Court appointed counsel for Movant on July 24, 2008, to represent his interest in the Court's review his sentence in accordance with the crack-cocaine amendments to the U.S. Sentencing Guidelines (DN 70), and by Order entered February 20, 2009, the Court denied a sentence reduction (DN 74). The resentencing process has no effect on the statute-of-limitations determination in this case.

[3] Under the mailbox rule, a document is deemed filed with the court on the date that it is deposited in the prison mail system for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Movant certifies that his § 2255 motion was delivered to the prison mail system for mailing on July 22, 2010.

knew about McKinney's conviction as early as May 2009, and yet still did not file the instant action until over a year later on July 22, 2010. His § 2255 motion is, thus, untimely under § 2255(f).

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In response to the Court's show-cause Order, Movant alleges that he failed to meet the one-year limitations period because he did not know about the deadline and that when he did find out about the deadline, he did not have an attorney to consult. He then alleges that he had heard that there was a one-year limit on filing a § 2255 action but that he did not know about a limit "on filing on new evidence." He additionally advises that he believed that all cases that "McKinney had a hand in would be reviewed."

Despite these contentions, the Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (explaining in a direct criminal

3

appeal case that "[t]o allow an ignorance of the law excuse would encourage and reward indifference to the law"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer"). Additionally, based on the "AEDPA's clear provisions regarding the statute of limitations, [Movant] cannot claim a lack of constructive knowledge regarding the filing deadline." *Allen*, 366 F.3d at 403.

Movant also alleges in his response that he asked his prior counsel, Mr. Gordon, "about filing an appeal because of Mr. McKinney's conviction and the ongoing investigation of McKinney." Movant states that Mr. Gordon wrote him a letter advising that he was Movant's attorney only for final sentencing and that Movant would have to seek other counsel. According to Movant, "[Gordon] told me before my final sentencing to take the plea[4] and if Brian McKinney turns out to be corrupt then we would file an appeal." Plaintiff maintains that had Gordon kept his promise, "everything would have been filed on time."

Movant blames his sentencing counsel for not filing an *appeal*. An appeal would have been untimely, however, *see* Fed. R. App. P. 4(b), and as part of his plea agreement, Movant waived his right to appeal his sentence. Further, Movant, who was no longer represented by counsel and who no longer had the right to counsel, bears that ultimate responsibility for filing a § 2255 motion. *See Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("[P]etitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions:

---

[4]At the change-of-plea hearing, Movant was represented by retained counsel; thereafter, the Court appointed Mr. Gordon, who represented Movant at sentencing.

petitioners, 'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.'") (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)); *see also Allen v. Yukins*, No. 01-CV-74002-DT, 2002 WL 31962611, at *6 (E.D. Mich. Dec. 23, 2002) ("[T]he fact that Petitioner and/or counsel lacked the legal sophistication to act or properly advise her regarding the habeas statute of limitations is not an extraordinary circumstance that would equitably toll the statute of limitations."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) ("[T]he fact that petitioner was unable to retain counsel in a timely fashion to file his habeas petition is not a circumstance that would justify the equitable tolling of the statute of limitations.").

Accordingly, upon consideration of the § 2255 motion and Movant's response to the show-cause Order, the Court concludes that Movant has failed to demonstrate that his § 2255 motion is timely under the applicable statute and has failed to allege facts warranting application of the doctrine of equitable tolling.

## II.

Before Movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies a § 2255 motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

5

at 484. When a plain procedural bar is present and the court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability will be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:


cc: Movant, *pro se*
4414.005